**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 7, 2012**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **KEVIN EUGENE MACK,** | : | **VIOLATIONS:** |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)** |
| Defendant. | : | **(Unlawful Distribution of a Mixture** |
| | : | **or Substance of Phencyclidine)** |
| | : | **21 U.S.C. § 841(a)(1) and** |
| | : | **§ 841(b)(1)(B)(iv)** |
| | : | **(Unlawful Distribution of One Hundred** |
| | : | **Grams or More of a Mixture or** |
| | : | **Substance of Phencyclidine)** |
| | : | **21 U.S.C. §§ 853(a), (p)** |
| | : | **(Criminal Forfeiture)** |

## **I N D I C T M E N T**

The Grand Jury charges that:

### **COUNT ONE**

On or about July 23, 2012, within the District of Columbia, **KEVIN EUGENE MACK** did unlawfully, knowingly, and intentionally distribute a mixture or substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of a Mixture or Substance of Phencyclidine**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about September 5, 2012, within the District of Columbia, **KEVIN EUGENE MACK** did unlawfully, knowingly, and intentionally distribute a mixture or substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture or substance was one hundred grams or more.

(**Unlawful Distribution of One Hundred Grams or More of a Mixture or Substance of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iv))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One or Count Two, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The property subject to forfeiture includes a money judgment equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, in violation of Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.